IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deidre Dennis, | ) | C/A No. 0:12-1517-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 DSC and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Deidre Dennis ("Dennis"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

**ADMINISTRATIVE PROCEEDINGS**

In February 8, 2008 Dennis applied for DIB and SSI, alleging disability beginning October 16, 2007.[2] Dennis's applications were denied initially and upon reconsideration, and she requested

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.

[2] At the hearing before the administrative law judge, Dennis amended her disability onset date to January 30, 2008. (Tr. 49.)



a hearing before an administrative law judge ("ALJ").  A hearing was held on February 11, 2009, at which Dennis, who was represented by Richard Paul, Esquire, appeared and testified.  The ALJ issued a decision on May 18, 2010 denying benefits and concluding that Dennis was not disabled.  (Tr. 20-25.)

Dennis was born in 1963 and was forty-four years old at the time of her amended alleged disability onset date.  (Tr. 29.)  She has a college education and has past relevant work experience as a technical associate/drafter and as an administrative assistant.  (Tr. 149, 152.)  Dennis alleged disability since October 16, 2007, which she later amended to January 30, 2008, due to severe fibromyalgia and cervical disc disease.  (Tr. 148.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since January 30, 2008, the amended alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments:  degenerative disc disease and fibromyalgia.  (20 CFR 404.1520(c) and 416.920(c)).
   \* \* \*
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
   \* \* \*
5. . . . [T]he claimant has the residual functional capacity to perform light work except that she can only occasionally climb ramps and stairs; never climb ladders/ropes/scaffolds; occasionally balance, stoop, kneel, and crouch; never crawl; must avoid even moderate exposure to hazards; and is limited in reaching in all directions. As defined in 20 CFR 404.1567(b) and 416.967(b), light work means the claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours each in an 8-hour day.



* * *

6.    The claimant is capable of performing past relevant work as an administrative assistant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

* * *

7.    The claimant has not been under a disability, as defined in the Social Security Act, from January 20, 2008 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 22-25.) The Appeals Council denied Dennis's request for review on April 6, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)    whether the claimant is engaged in substantial gainful activity;

(2)    whether the claimant has a "severe" impairment;

(3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)    whether the claimant can perform her past relevant work; and

(5)    whether the claimant's impairments prevent her from doing any other kind of work.

PJG

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[3]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant

---

[3] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. §§ 404.1520(h), 416.920(h).



evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

### ISSUES

Dennis raises the following issues for this judicial review:

I. The Administrative Law Judge (ALJ) failed to apply the proper legal standard in disregarding the opinion of Plaintiff's primary treating physician that her residual functional capacity would preclude her from engaging in substantial gainful employment.

II. The ALJ's decision is not supported by competent substantial evidence.

(Pl.'s Br., ECF No. 15.)

### DISCUSSION

Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record,



and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

> Additionally, SSR 96-2p provides that
>
> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 . . . . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id. at *5.

Dennis first argues that the ALJ erred as a matter of law in his analysis of the opinions of her treating family physician, Dr. Theodore Pappas. The record reveals that by letter dated July 28, 2008, Dr. Pappas provided an opinion to Dennis's insurance company that included a discussion of Dennis's treatment history. Specifically, Dr. Pappas opined that Dennis "is unable to work or earn money due to severe degenerative disc disease and fibromyalgia that requires continuous narcotics"

and indicated that she was not improving. (Tr. 350.) In March 2010, Dr. Pappas completed a form entitled "Attending Physician's Statement," indicating that Dennis would be unable to lift and/or carry any weight during a normal work day; that she could sit and stand or walk zero to one hour during an eight-hour work day; that she could never push or pull, climb, balance, perform gross manipulation, bend and/or stoop, reach, or work with or around hazardous machinery; that she could rarely perform fine manipulation; that she could occasionally operate a motor vehicle; and that she would likely be absent from work more than four days per month due to her impairments or treatment. (Tr. 389.) Dr. Pappas stated that the medical basis for these restrictions was that Dennis "has severe cervical [and] lumbar disc disease with chronic pain requiring narcotics and intermittent neurologic deficits (numbness/weakness of extremities)[.] She also has severe fibromyalgia requiring frequent trigger point injections." (Id.)

The ALJ acknowledged these opinions and accorded them limited weight "as they are inconsistent with the claimant's presentation upon routine examination and not supported by the weight of the evidence of record as a whole." (Tr. 24.) In support of this conclusion, the ALJ initially observed that "a determination regarding disability is an issue explicitly reserved to the Commissioner." (Id.) (citing 20 C.F.R. § 404.1527(e)). The ALJ also found that

> while Dr. Pappas noted that the claimant has severe cervical and lumbar disc disease with intermittent neurologic deficits and severe fibromyalgia, there are very little, if any, clinical findings following the amended alleged onset date that would tend to support such an opinion. Dr. Pappas apparently relied quite heavily on the subjective reports of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported.

(Id.)

Dennis appears to challenge each of the various reasons the ALJ gave for rejecting Dr. Pappas's opinions as inadequate under controlling law.  First, the court finds no error in the ALJ's determination that opinions of disability are issues reserved for the Commissioner.  See 20 C.F.R. §§ 404.1627(d)(1)-(3), 416.927(d)(1)-(3).  Dennis next argues generally that Dr. Pappas's "assessments are consistent with his treatment records and the evidence as a whole, including the assessments of the specialists to whom Dr. Pappas referred the claimant:  Dr. J. Robert Alexander, Jr. . . . and Dr. Jennifer Murphy . . . ." (Pl.'s Br. at 9, ECf No. 15 at 9.)  However, the records she cites do not support her position.  Dennis has not demonstrated that there are clinical observations and findings to support the functional limitations opined by Dr. Pappas that would render the ALJ's opinion unsupported by substantial evidence.  See 20 C.F.R. §§ 404.1627(c)(4), 416.927(c)(4); Craig, 76 F.3d at 590 (holding that an ALJ properly rejected a treating physician's assessment when it was not supported by his own treatment notes).  As observed by the ALJ, following the amended onset date—January 30, 2008—there are  little, if any, *clinical* findings supporting the severe limitations in Dr. Pappas's opinion.  (See Tr. 305-06, 351-61, 364-65, 392-409.)  Further, review of records from Dr. Alexander indicates that in January 2008 Dennis experienced improvement and upon increase in pain a lumbar paraspinal injection was given.  The latest record from Dr. Alexander, dated February 2008, indicates that the "lumbar paraspinal injection proved considerably beneficial and [Dennis] is only having minimal discomfort."  (Tr. 253.)  Additionally, the record shows that Dennis was referred to Dr. Murphy for evaluation and treatment of fibromyalgia in December 2007.  Dr. Murphy's physical examination included observations that "[t]here is diffuse tenderness to palpation of [Dennis's] back but no point spinal CVA or SI joint tenderness" and that Dennis "has diffuse tenderness to palpation throughout her entire body including her joints," specifically noting

that Dennis is tender over bilateral trochanteric bursa areas. (Tr. 248.) Moreover, Dr. Murphy found that Dennis had 5/5 strength in all extremities, a normal nuerological examination, and normal gait and station. (Id.)  Thus, the ALJ's conclusion to accord little weight to Dr. Pappas's opinion is supported by substantial evidence considering the record as a whole.

The ALJ also discounted Dr. Pappas's opinion based on his determination that Dr. Pappas apparently relied quite heavily on Dennis's subjective reports of symptoms and limitations, which the ALJ determined were not credible to the extent that they were inconsistent with the ALJ's ultimate residual functional capacity assessment.  "An ALJ may properly reject a doctor's opinion if it appears to be based on a claimant's exaggerated subjective allegations." Dixon v. Massanari, 270 F.3d 1171, 1178 (7th Cir. 2001).  To the extent that Dennis contends that the ALJ erred in discounting Dr. Pappas's opinion based on her contention in her reply brief that the ALJ erred as a matter of law in evaluating her credibility, the court disagrees.

The United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).  It appears that in this matter Dennis focuses on the second step,[4] during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work."  Id.  In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the

---

[4] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).



individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id.

While the Fourth Circuit stated in Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006), "[h]aving met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [the claimant] was entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that his pain [was] so continuous and/or severe that it prevent[ed] him from working a full eight-hour day," 453 F.3d at 565, the Hines Court acknowledged that " '[o]bjective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered.' " Id. at 564 (quoting SSR 90-1p). Moreover, the Hines Court noted that

> [w]hile objective evidence is not mandatory at the second step of the test, "[t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are



> not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers."

Id. at 565 n.3 (quoting Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996)). Dennis has failed to demonstrate that the ALJ erred in applying this law.

With regard to Dennis's argument that the ALJ erred in providing more weight to the evaluation of non-examining state agency consultants, the court similarly finds that Dennis has failed to demonstrate that the ALJ erred as a matter of law. Although the consultants did not possess Dennis's most recent records—which as discussed above contain little, if any, clinical findings—or Dr. Pappas's 2010 opinion, Dennis has failed to demonstrate that this evidence or any other evidence in the record renders their opinions that Dennis could perform light work unsupported. See Stanley v. Barnhart, 116 F. App'x 427, 429 (4th Cir. 2004) (disagreeing with the argument that the ALJ improperly gave more weight to residual functioning capacity assessments of non-examining state agency physicians over those of examining physicians and finding that the ALJ properly considered evidence provided by those physicians in context of other medical and vocational evidence); SSR 96-6p (stating that "[s]tate agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act"); see also Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986) (stating that the opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner).

Finally, with regard to the ALJ's discussion of the criteria established for classification of fibromyalgia and his statement that Dennis has never met the required criteria for diagnosis, the court



finds that to the extent this discussion and conclusion are error, they are harmless. As an initial matter, this "note" by the ALJ was not included as a basis for discounting Dr. Pappas's opinions. (Tr. 24.) Moreover, the ALJ found that Dennis's severe impairments included fibromyalgia, and although the ALJ found that Dennis's allegations of "significant limitations and pain were not fully consistent with the medical evidence of record," the ALJ further reduced her residual functional capacity. (Tr. 25.)

Accordingly, the court finds that Dennis has failed to demonstrate that the ALJ failed to properly weigh and evaluate Dr. Pappas's opinions in accordance with applicable law. Moreover, Dennis has not demonstrated that in light of the record as a whole, the ALJ's determinations were unsupported by substantial evidence.

### ORDER

For the foregoing reasons, the court finds that Dennis has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. Therefore, it is hereby

**ORDERED** the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 21, 2013
Columbia, South Carolina